GERTRUDIS ORTIZ RIVERA, Plaintiff and Appellant, *v.* JOSÉ AGOSTINI ET AL., Defendants and Appellees.

No. R-64-180.     Decided March 4, 1966.

*Rafael Benet* for Lincoln Realty Corporation. *Carlos A. Chavier Stevenson* for Alma Realty Corporation. *José Aulet* for appellant.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: On June 18, 1962 Gertrudis Ortiz filed a complaint for damages against José D. Agostini, José D.

Reyna and Alma Realty Corporation in which she alleged that said defendants, acting jointly—Agostini, as engineer; Reyna, as contractor; and Alma Realty Corporation, as owner—"or one of them responsible for the construction, plaintiff being unable to determine which one, opened a ditch" into which plaintiff fell, hurting herself. It was adduced that negligence consisted in not taking any precautions to warn the danger which the open ditch constituted and, specifically, that they did not post any notices, nor place any lanterns or flares to indicate the existence of danger during the hours of the night. Reyna appeared in court represented by Mr. Jorge L. Landing; Alma Realty Corporation initially by Baker and Woods (Mr. Luis F. Candal), then by Mr. José Roberto Lugo, and afterwards by Messrs. Rivera Zayas, Rivera Cestero and Rúa. Agostini did not appear.

Several months later, on February 13, 1963, an amended complaint was filed in which Max Cohen and/or Lincoln Realty Corporation were joined as defendant parties. On this occasion the statement of facts which gives rise to the liability claim was more precise. It states that "the land on which the ditch was dug which . . . caused the accident was the property [of] and/or said ditch was dug by employees of Mr. Max Cohen, acting by himself or on behalf of Lincoln Realty Corporation." Nevertheless, in the amended complaint the allegation on the joint or individual negligence of each defendant was again set up although it was sought in the prayer that the court determine the total or individual liability "with the evidence introduced at the trial." Against this amended complaint allegations were filed or appearances in court were made by: (1) Alma Realty Corporation, represented by Rivera Zayas, Rivera Cestero, and Rúa, and, upon their withdrawal, by Mr. Carlos A. Chavier, since July 8, 1965, (2) Lincoln Realty Corporation, by Baker and Woods (Mr. Luis F. Candal), and upon their withdrawal by Messrs.

Rafael Benet, Emilio Soler and Roberto Bird, since July 6, 1964.[1]

On June 24, 1964 the Superior Court, San Juan Part, entered judgment dismissing the complaint. A petition for review was filed against this judgment and on March 26, 1965, in an opinion in which we stated other antecedents of the case we reversed it and remanded the case to the trial court for further proceedings in harmony with the terms of the opinion. *Ortiz Rivera* v. *Agostini*, 92 P.R.R. 181 (1965).

On October 4, 1965, the Lincoln Realty Corporation appeared before us requesting that the judgment be set aside, on the ground that they were not notified of the petition for review.[2] As a matter of fact, an examination of the record shows that the petition was only notified to Mr. Jorge L. Landing, who represented José D. Reyna, and to Mr. José R. Lázaro, of the offices of Messrs. Rivera Zayas, Rivera Cestero, and Rúa, attorneys for Alma Realty Corporation. Neither Baker & Woods nor Benet, Soler and Bird, who represented the Lincoln Realty Corporation, were notified of the filing of the petition for review.

The basic questions raised are: (1) Can the judgment of this Court on March 26, 1965 regarding the Lincoln Realty Corporation prevail, in view of the fact that it was not notified of the petition for review? and, (2) Can such judgment prevail regarding the other codefendants, respondents therein,

---

[1] The withdrawal of Baker & Woods was notified on June 25, 1964, to Mr. J. M. Valentín Esteves, plaintiff's attorney, although the latter had passed away. On June 10 Mr. José Aulet assumed the representation of said plaintiff by motion filed in the record but failed to notify Baker and Woods. When Messrs. Benet, Soler and Bird assumed the representation of Lincoln Realty Corporation they notified the plaintiff personally.

[2] None of the parties raised the question of lack of notice to defendant herein, and, in view of the several changes in legal representation of the different defendants, such fact was not evident from a mere examination of the record.

in the absence of the notice of the petition to Lincoln Realty Corporation?

▆▆▆▆ Rule 53.3 of the Rules of Civil Procedure of 1958 and Rule 10 (j) of the Regulations of this Court establish that the appellant shall serve notice of the petition for review *"on all the adverse parties,"* within the term to request said review. Its forerunner, § 296 of the Code of Civil Procedure, 1933 edition, also requested that notice of appeal be served "on the adverse party, or his attorney." In general terms, we have held that adverse party, for the purposes of the serving of the notice of appeal are not all the parties in the litigation but those who would be affected by the reversal or modification of the judgment appealed from. *Arandes* v. *Viera*, 75 P.R.R. 148 (1953) ; *Rivera* v. *Great American Indemnity Co.*, 70 P.R.R. 787 (1950) ; *Successors of L. Villamil & Co.* v. *Solá*, 22 P.R.R. 496 (1915) ; *Galafar* v. *Succession of Morales*, 22 P.R.R. 458 (1915). Regarding codefendants, the fact that they appear as such does not mean that they must necessarily be notified of the appeal; it is required that their interest be adverse to that of the person filing the petition. *Cf. Olivera* v. *González*, 52 P.R.R. 853 (1938) ; *Buonomo* v. *Succession of Juncos*, 27 P.R.R. 254 (1919). A judgment which limits itself to dismissing the complaint acquits all defendants, and in order that it may be reversed on appeal, they must all be notified thereof. *Nieves* v. *Mullenhoff*, 22 P.R.R. 493 (1915) ; see, *Candelas* v. *Ramírez*, 20 P.R.R. 31 (1914).

Applying the general principles stated, it is evident that the Lincoln Realty Corporation was an adverse party who had appeared in the record and which should have been notified of the petition for review. If we examine the allegations of the amended complaint it is easy to conclude that this was the most important party for it was said party which was charged with liability for the accident on the ground that it owned the land on which the ditch was dug and its digging

was done by another codefendant in representation of the corporation.

■ We have also decided that the lack of notice to an indispensable adverse party deprives us of jurisdiction to take cognizance of the petition regarding all the appellees. *Arandes* v. *Viera, supra; Casasús* v. *White Star Bus Line,* 58 P.R.R. 864 (1941); *Montero* v. *Santoni,* 55 P.R.R. 689 (1939); *Villegas* v. *Heirs of McCormick,* 40 P.R.R. 854 (1930); *In re González,* 22 P.R.R. 26 (1915); *cf. Lókpez* v. *Lókpez,* 64 P.R.R. 652 (1945).

By virtue of the foregoing the two basic questions should be answered in the negative. Our judgment of March 26, 1965 shall be set aside and the writ shall be quashed for lack of jurisdiction.

Mr. Justice Belaval dissented.